IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL YOST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:21-cv-00844 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| BLUE PINE CONSTRUCTION CORP. | ) MAGISTRATE JUDGE FRENSLEY |
| | ) |
| Defendant. | ) |

## MEMORANDUM

Pending before the Court is Plaintiff's Motion for Default Judgment. (Doc. No. 18). The motion is accompanied by a memorandum of law (Doc. No. 19), the affidavit of Plaintiff Michael Yost (Doc. No. 20-1), and supporting exhibits (Doc. Nos. 20-2 through 20-9). Plaintiff has also filed an affidavit of his attorney and itemization of attorney time. (Doc. Nos. 20-10, 20-11). For the reasons stated below, the Motion for Default Judgment (Doc. No. 18) is **GRANTED**.

Plaintiff filed this case on November 21, 2021, alleging that Defendant Blue Pine Construction Corp. ("Blue Pine") discriminated against him because of his disability and/or race, and retaliated against him after he filed a complaint of discrimination. (Doc. No. 1). Plaintiff alleges he was constructively discharged on April 6, 2020. (*Id.*). He obtained new employment in April 2021. (Yost Aff., Doc. No. 20-1, ¶¶ 10-11). Defendant Blue Pine Construction Corp. ("Blue Pine") did not plead or otherwise defend this action. The Clerk entered default against Blue Pine on February 18, 2022. (Doc. No. 13).

The Court has considered the allegations in the Complaint, Plaintiff's affidavit, and the supporting exhibits, and finds that they state claims for relief; a hearing is not necessary to determine damages.

Plaintiff requests judgment against Blue Pine for back pay $41,770.29, plus prejudgment interest based on the following:[1]

> Twelve Months of Lost Wages: $58,000.28
> The remaining half of Plaintiff's Bonus: $2,500
> Personal and Vacation Days: $2,900.01
> Phone allowance: $1,320.00
> Car allowance: $2,400.00
> Unemployment: (-$25,350.00).

In addition to the back pay award, Plaintiff seeks compensatory damages of $50,000, attorney's fees and costs of $4,959.25, and an award of post-judgment interest.

The Court finds these amounts supported by the record. The Court further finds that an award of prejudgment and post judgment interest is warranted. However, as Plaintiff has not provided any guidance or suggestion regarding the interest rate to be applied to the interest awards, the Court will reserve decision on the amount of interest to be awarded. Plaintiff may file a separate motion for an award of prejudgment and post-judgment interest, which should include a discussion of the factors considered regarding the proposed interest rate and relevant calculations.

An appropriate Order will enter.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The Court has used the amounts stated in Plaintiff's affidavit, which differ slightly from the amounts listed in Plaintiff's Motion and Memorandum (Doc. Nos. 18, 19).