IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL YOST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:21-cv-00844 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| BLUE PINE CONSTRUCTION ) | MAGISTRATE JUDGE FRENSLEY |
| CORP. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On April 12, 2023, the Court Granted Plaintiff's Motion for Default Judgment in the amount of $96,729.54, plus prejudgment and post-judgment interest in amounts to be determined. (*See* Doc. Nos. 21, 22). Now before the Court is Plaintiff's Motion for Award of Prejudgment and Post-Judgment Interest. (Doc. No. 24).

The Court has reviewed Plaintiff's proposed calculations and identified two errors. First, Plaintiff has incorrectly calculated interest based on the Clerk's entry of default on February 18, 2022 (Doc. No. 13), rather than the Court's Order of Judgment on April 12, 2023 (Doc. No. 22). Second, Plaintiff calculated prejudgment interest based an incorrect award of back-pay. The Court's award of damages for back-pay was $41,770.29, not $46,911.29. (*See* Doc. No. 21 at 2).

The Court previously determined that awards of prejudgment and post-judgment interest are warranted. The amounts are calculated as follows:

**A. Post-Judgment Interest**

The Court awards post-judgment interest "from the date of entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [] the date of the

judgment." 28 U.S.C. § 1961(a). Judgment was entered on April 12, 2023. (Doc. No. 22). The week preceding judgment (the week ending April 7, 2023), the weekly average 1-year constant maturity Treasury yield was 4.53%. *See* www.federalreserve.gov/releases/h15 [https://perma.cc/5V6H-2VBU]. Accordingly, Plaintiff is entitled to post-judgment interest in that amount. The total amount of post-judgment interest is calculated as of the date of payment. 28 U.S.C. § 1961(b).

### B. Prejudgment Interest

Plaintiff requests an award of prejudgment interest at the rate of eight percent and notes that the Sixth Circuit recently approved an award of prejudgment interest at this rate in a breach of contract case. *London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F. 4th 393, 417 (6th Cir. 2022). The interest rate in that case was based on the Kentucky statutory rate, which is not applicable in this case. However, the Court notes that the requested rate of eight percent falls between Tennessee's statutory maximum prejudgment interest rate (10%) and the federal statutory post-judgment interest rate (5.36%). *See* Tenn. Code Ann. § 47-14-123 (allowing an award of prejudgment interest "in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum"); 28 U.S.C. § 1961(a) (setting the post-judgment interest rate "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [] the date of the judgment"); *See* https://www.federalreserve.gov/releases/h15/ [https://perma.cc/5V6H-2VBU] (on Aug. 2, 2023, the 1-year constant maturity Treasury yield is 5.36%). Finally, the Court notes that Plaintiff requests a flat eight percent interest on the back-pay award, not eight percent per annum. This places the requested amount on the low end of reasonable prejudgment interest.

Accordingly, the Court finds that an eight percent interest rate will serve the purpose of prejudgment interest which is to fully compensate the Plaintiff for the wrongs suffered. *See Pittington v. Great Smoky Mountain Lumberjack Feud, LLC*, 880 F.3d 791, 795 (6th Cir. 2018) (explaining that because an award of prejudgment interest is to "compensate fully plaintiffs for the wrongs that they suffered," and "an award of prejudgment interest on the back pay owed is [] nearly always appropriate."). The Court further finds that an award of prejudgment interest at eight percent is fair and reasonable.

The Court awards prejudgment interest in the amount of eight percent on the award of damages for back-pay $41,770.29. Accordingly, the total prejudgment interest to be awarded is $3,341.62.

The Court will enter final judgment by separate order.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE